Donohue, J.
Plaintiff, Henry W. Coz (“plaintiff’), filed this summary process action to evict his tenant, Coz Plastics, Inc. (“defendant”) for its alleged failure to pay rent and other sums under the terms of a written lease. Plaintiff alleges that the rent due, including accelerated amounts, is $1,028,817.84. Defendant denies that it has failed to pay rent in violation of leasehold covenants, and has counterclaimed alleging, inter alia, breach of quiet enjoyment and violations of G.L.c. 93A, Section 2. The matter is presently before the court on defendant’s emergency motion to dismiss or consolidate or stay the pending action. For reasons set forth more fully in the following paragraphs, defendant’s motion is ALLOWED.
BACKGROUND
I take the facts and draw all reasonable inferences from the parties’ submissions on defendants’ motion for preliminary relief. They are substantially undisputed. Plaintiff is the owner and landlord of the property located at 2401 Providence Road, Northbridge, Massachusetts (the “premises”). Some time ago, plaintiff sold his business, Coz Chemical Corporation, to Allied Products Corporation (“Allied”); the new business became Coz Plastics, a division of Allied. Allied also concurrently leased the premises from plaintiff with the lease term extending through December 31, 2000 (the “Lease”). Basic rent is currently $53,453.12 per month.[1]
On August 26, 1997, defendant purchased the assets of the Coz division from Allied and continued the business under the name of Coz Plastics, Inc. As part of the purchase transaction, plaintiff consented to both Allied’s assignment and defendant’s assumption of all rights and obligations under the Lease.[2]
On June 14, 1999, defendant filed a complaint for declaratory judgment against Allied, Worcester Civil Action No. 99-1152B (“prior pending action”), alleging that Allied breached a number of its representations and warranties in the Asset Purchase Agreement executed on August 26, 1997, and violated G.L.c. 93A. Allied answered and impleaded Henry W. Coz, plaintiff in the instant action, as a third-party defendant. Plaintiff answered acknowledging that there exist numerous controversies among the parties.
On August 12, 1999, defendant amended its complaint in the prior action naming plaintiff as a co-defendant. The claims against plaintiff included requests for declaratory relief, and allegations of breaches of the covenant of quiet enjoyment and violations of G.L.c. 93A. Although discovery has commenced in the prior pending action, and views of the premises have taken place on more than one occasion, to date, plaintiff has not filed an answer to defendant’s amended complaint.
Since filing its amended complaint, defendant has failed to pay plaintiff the rent due on the premises under the Lease. On September 16, 1999 and October 8, 1999 plaintiff sent both Allied and defendant notice of default as required under the Lease. Despite those notices, defendant has failed to make either the basic rent or additional rent payments. On October 22, 1999, plaintiff terminated the lease and, pursuant to its terms, accelerated the remaining rent due.
*311 Plaintiff filed the instant summary process action on October 28, 1999 to obtain possession of the premises and recover sums due under the Lease.[3] Defendant has filed a motion to dismiss or in the alternative, to consolidate or stay the instant action on the ground that the parties and the issues presented are identical to those in the prior pending action.
DISCUSSION
A. Standard of Review
“Embodying the salutary and well established rules against claim splitting, Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the subject matter are the same as those in a prior action still pending in a court of this Commonwealth. Dismissal is appropriate under Rule 12(b)(9) only where the parties and issues are identical to those in the prior pending action.” Davis Inv. Corp. v. Thayer Associates, Inc., 20 Mass.App.Div. 202, 205 (1999) (internal quotation marks and citations omitted).
B. Merits of Defendant’s Motion
Here, it is undisputed that a prior pending action exists between the parties. Undeterred, plaintiff argues that the underlying issues are not identical, and should therefore not be dismissed. Particularly, he asserts that his right to expeditious remedial statutory action and immediate possession of the premises is separate and distinct from defendant’s declaratory judgment action. His argument is unpersuasive.
Although it is true that the statutory summary process procedure is designed to secure the “just, speedy and inexpensive determination of disputes between landlords and tenants,” quite simply, the speed of the remedy afforded by G.L.c. 239, Sections 1-13 is not sufficiently distinct to necessitate the continuation of both actions. Furthermore, given the purpose of summary process actions — to expeditiously regain possession of the underlying premises so as to reduce any loss of income to the property owner — this avenue for recovery is unwarranted. See Davis, supra at 203-04. Here, the parties have acknowledged that defendant has vacated the premises. Plaintiff is thus free (and in fact may be obligated to attempt) to lease the premises to another tenant, presumably at terms at least as favorable as those bargained for by the instant parties.
In short, this case provides a classic example of an action that is worthy of dismissal pursuant to Rule 12(b)(9): the parties are the same, the dispositive issue in both suits — defendant’s decision to cease paying rent under the Lease — are the same, and it is entirely possible that any judgment may involve offsetting awards. That the underlying events which gave rise to the instant proceedings arose after defendant filed its amended complaint in the prior proceeding is irrelevant. The express track that summary process actions afford landlords must be tempered by the overriding and well established objectives of judicial efficiency and the conservation of public resources.
The instant proceedings, having been filed subsequent to defendant’s declaratory judgment action, must be dismissed.[4] Because this court finds Rule 12(b)(9) to be dispositive of the underlying summary process action, there is no need, at this time, to address defendant’s alternative claims for relief.
ORDER
After hearing, it is hereby ORDERED that defendant, Coz Plastics, Inc.’s Motion to Dismiss or Consolidate or Stay is ALLOWED and the underlying summary process action shall be, and hereby is, dismissed.

A close reading of the Lease, and all amendments thereto, however, reveals that the base rent for 1999 and 2000 was/is $53,478.96 and $58,826.85 respectively, plus, according to the Second Amendment to [the] Lease, $2,066.66 per month for additional office space. See Exhibit 2 attached to defendant’s motion. For purposes of the instant motion, however, this discrepancy is immaterial. Defendant is also responsible for additional rent under the terms of the Lease. Exactly what qualifies as "additional rent" is, however, disputed. A further review of the Lease reveals ostensibly inconsistent provisions not properly the subject of the instant motion. See and compare Exhibit IB attached to defendant's motion at p. 3, para. 2B(2) with p. 5, para. 5.

See Exhibits ID and IE attached to defendant’s motion. Under plaintiffs consent to the assignment and assumption of the Lease, Allied remains directly liable under the Lease.

Defendant has since vacated the premises. Possession, therefore, is no longer an issue.

Plaintiff argues that summary process actions are unique and require that they be processed separately from other actions so as not to destroy a landlord’s right to a “fast track” for recovery. He relies on Davis Inv. Corp. v. Thayer Associates, Inc., 20 Mass.App.Div. 202 (1999). Davis, however, does not stand for this proposition. There, although the court reversed the dismissal of plaintiffs summary process action, the court reasoned that it was necessary to permit prosecution of two concurrent actions because the forum of the prior pending action — the Land Court — lacked jurisdiction to entertain plaintiffs eviction by summary process claim. Id. at 203. Here, the Superior Court has jurisdiction to hear both defendant’s declaratory judgment action, Civil Action No. 99-1152, and the instant summary process action. As aforesaid, given that defendant has vacated the premises, it would be inefficient to permit both actions to survive. See id. at 204 n. 2; Lawless-Mawhinney Motors, Inc. v. Mawhinney, 21 Mass.App.Ct. 738, 742-43 (1986) (the consolidation of a summary process action with a prior, related action filed by a tenant is proper and would result in “an overlay of [the] summary process action [which] might serve to direct the consolidated cause onto the fast track contemplated by the legislature"); Holmes Realty Trust v. Granite City Storage Co., Inc., 25 Mass.App.Ct. 272, 279 (1988) (reversing superior court denial of motion to consolidate because two cases were “so intertwined”).